UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LANCE REYNOLDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04202-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Richard Lance Reynolds, an inmate currently incarcerated at the Pleasant Valley State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

The complaint alleges the following about an incident that apparently happened at the Correctional Training Facility in Soledad, where Reynolds previously was incarcerated:

On April 5, 2016, correctional sergeant Merenda spoke harshly and rudely to Reynolds, who had not sat down quickly enough when an alarm sounded at the prison. Later, Merenda returned and spoke harshly again and ordered Reynolds to put his hands on the wall. Reynolds was requested to put his hands on the wall and explained that, due to a medical condition, he could not put his left hand on the wall as requested. Reynolds' hand was moved into a position that caused extreme pain, and then his arm was then wrenched in the opposite direction to be put in restraints (presumably by Merenda, although the complaint does not actually allege that). Reynolds was then taken to an office where another correctional officer was located. Reynolds

1  thought Merenda was going to fight him. Words were exchanged and then Merenda swept
2  numerous objects from his desk, one of which hit Reynolds in the face. *See also* Docket No. 1 at
3  5 (Reynolds "had objects from a table flung at [him] causing visible physical injuries.") He was
4  taken to the clinic, where a nurse found contusions and that discoloration had formed. Reynolds
5  was given unspecified medical treatment.

Reynolds received a rule violation report. He was found guilty "solely on the basis that [he] was written up by a sergeant." Docket No. 1 at 4. The sergeant "falsely" omitted his own actions. *Id.* at 5. Lieutenant Dunstan found Reynolds guilty on April 22, 2016. The hearing officer was biased and the rule violation report was false. Reynolds filed a staff complaint, which was granted at the second level on procedural reasons. The RVR "was denied for the fact that the lieutenant 'based his/her determination on evidence which is not described in the RVR therefore the initial burden of finding good cause has not been satisfied. The actions described in the RVR do not meet the criteria for a charge of "'willfully obstructing a Peace Officer in the Performance of Duty.'"" *Id.* at 5-6.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Excessive force: An Eighth Amendment violation may occur when prison officials "maliciously and sadistically use force to cause harm, but "not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* (citation omitted).

Giving the *pro se* complaint the liberal construction to which it is entitled, Reynolds has stated a cognizable Eighth Amendment claim against sergeant Merenda for using excessive force to handcuff Reynolds and for apparently launching something at him that caused a contusion.

Verbal harassment: Reynolds also alleges that sergeant Merenda verbally offended him. As the Ninth Circuit has explained, "'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir.1997) (internal quotation marks omitted).) The claim that sergeant Merenda spoke harshly and rudely to Reynolds is dismissed without leave to amend because that conduct does not amount to an Eighth Amendment violation.

Disciplinary proceedings: An inmate has a federally-protected right to due process if he is deprived of a liberty interest of real substance. *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. A prisoner complaining about his placement in administrative segregation and/or disciplinary segregation must first allege facts showing that he was deprived of a protected liberty interest, i.e., suffered an atypical and significant hardship (e.g., a long-term SHU placement) or lost time credits that will inevitably affect the duration of his sentence.[1] Identifying a constitutionally-protected liberty

---

[1] If a prisoner asserts that he was deprived of a constitutionally-protected liberty interest because prison officials imposed discipline that caused him to lose time credits and the loss of those time credits will inevitably extend his stay in prison, he must assert his due process claim in a petition for writ of habeas corpus rather than a civil rights complaint. *See Nettles v. Grounds*,

3

1  interest is only the first step; the prisoner also must identify the procedural protections not
2  provided to him when he was deprived of that constitutionally-protected liberty interest to state a
3  claim. The procedural protections required in a prison disciplinary proceeding include written
4  notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and
5  documentary evidence when not unduly hazardous, and aid to the accused where the inmate is
6  illiterate or the issues are complex. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There
7  also must be some evidence to support the decision, *see Superintendent v. Hill*, 472 U.S. 445, 454
8  (1985), and the information that forms the basis for prison disciplinary actions must have some
9  indicia of reliability, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

If the procedurally protected liberty interest of which the prisoner is deprived during the disciplinary process is restored during the prison administrative appeal process, the prisoner does not have a due process claim. *See Frank v. Schultz*, 808 F.3d 762, 763-64 (9th Cir. 2015) (summary judgment properly granted to defendants on due process claim where prisoner filed a successful administrative appeal which led to the removal of the incident report from his file and the forfeited credits were restored).

Reynolds appears to complain that lieutenant Dunstan improperly found him guilty at the disciplinary hearing based on sergeant Merenda's false rule violation report. There are several problems with this claim. First, Reynolds alleges that lieutenant Dunstan was biased, but does not allege any facts suggestive of bias. The mere fact that lieutenant Dunstan ruled against Reynolds does not plausibly suggest bias. In his amended complaint Reynolds must describe the facts that support his conclusory allegation that lieutenant Dunstan was biased in his decision-making. Second, the complaint does not identify the discipline that was imposed, so it cannot be determined whether any federal right to due process was implicated. In his amended complaint, Reynolds must identify that the discipline that was imposed so the court can determine whether it implicates a protected liberty interest. Third, the complaint seems to suggest that the disciplinary decision was overturned during the administrative appeal process as it alleges that the rule

---

830 F.3d 922, 932-33 (9th Cir. 2016) (en banc).

4

violation report was "denied" because lieutenant Dunstan had based his decision on evidence not described in the rule violation report. If the disciplinary decision was overturned, there would be no cognizable due process claim in federal court. *See Frank*, 808 F.3d at 763-64. In his amended complaint, Reynolds must clarify whether the rule violation was set aside, vacated or otherwise overturned during the administrative appeal process. And, if that did occur, he must explain what further disciplinary proceedings occurred (e.g., whether he received lesser discipline, a new hearing with new discipline, or the dismissal of the charges).

The California Department of Corrections & Rehabilitation (CDCR) is listed as a defendant. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). As there are no allegations of wrongdoing by the CDCR and the CDCR appears to have been sued simply because it employs the alleged wrongdoers, the CDCR is dismissed from this action.

## CONCLUSION

Plaintiff's complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **January 17, 2018**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If he files an amended complaint, he must allege both the Eighth Amendment claim as well as the due process claim. Failure to file an amended complaint by the deadline will result in the dismissal of the due process claim.

**IT IS SO ORDERED**.

Dated: 12/18/17

SUSAN ILLSTON
United States District Judge