UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LANCE REYNOLDS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 17-cv-04202-SI<br><br>**ORDER**<br><br>Re: Dkt. No. 10 |

In an order of dismissal with leave to amend filed on December 18, 2107, the court ordered plaintiff to file an amended complaint no later than January 17, 2018. Docket No. 6. Plaintiff later requested an extension of the deadline due to vision problems he developed. The court set a new deadline of May 18, 2018 for plaintiff to file an amended complaint. Docket No. 9. Plaintiff now requests an additional 120-day extension of the deadline due to ongoing vision problems. Docket No. 10.

Upon due consideration, the request for a 120-day extension of the deadline to file an amended complaint is DENIED. Docket No. 10. The vision problem appears to affect only one of plaintiff's eyes, so he is not completely without sight. *See* Docket No. 8 at 3, 5. More importantly, plaintiff only needs to figure out a very few facts to prepare his amended complaint -- facts that should not take nine months to gather. The only claim that plaintiff was ordered to amend was a due process claim about the disciplinary proceedings on a rule violation report issued in April 2016. *See* Docket No. 6 at 3-5. The order of dismissal with leave to amend required plaintiff to provide several specific pieces of information; he was instructed to: (1) allege facts in support of his conclusory allegation that lieutenant Dunstan was biased in his decision-making in

the disciplinary proceedings; (2) identify the specific discipline that was imposed on plaintiff; and (3) state whether the disciplinary decision on the rule violation report was set aside, vacated or otherwise overturned during the administrative appeal process and, if so, explain what further disciplinary proceedings occurred.

Although the court will not grant the 120-day extension of the deadline to file an amended complaint -- which would result in plaintiff having nine months to prepare an amended complaint -- the court will permit the plaintiff to file a short document providing the information on the three points mentioned in the preceding section (and discussed at more length in the order of dismissal with leave to amend) rather than an amended complaint. The court will treat that filing as an amendment to the existing complaint, rather than an amended complaint -- the difference is that an amendment is read together with the original complaint whereas an amended complaint would supersede the original complaint.

Accordingly, no later than **June 22, 2018**, plaintiff must file an amendment to complaint in which he: (1) alleges the facts that suggest that lieutenant Dunstan was a biased decision-maker; (2) identifies the specific discipline that was imposed on plaintiff; and (3) states whether the disciplinary decision on the rule violation report was set aside, vacated or otherwise overturned during the administrative appeal process and, if so, explains what further disciplinary proceedings occurred. If plaintiff does not file the amendment by that deadline, the due process claim will be dismissed without prejudice and the action will proceed with the remaining excessive force claim.

**IT IS SO ORDERED**.

Dated: May 23, 2018

_____
SUSAN ILLSTON
United States District Judge