United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LANCE REYNOLDS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 17-cv-04202-SI<br><br>**ORDER FOR SERVICE OF PROCESS ON ONE DEFENDANT**<br><br>Re: Dkt. Nos. 1, 13 |

A. <u>Review of Amendment To Complaint</u>

The court earlier reviewed the complaint in this *pro se* prisoner's civil rights action and dismissed it with partial leave to amend. The court (a) determined that the complaint stated an Eighth Amendment claim against sergeant Merenda, (b) dismissed another defendant (i.e., the CDCR) apparently sued on a respondeat superior theory, and (c) allowed the plaintiff to amend to attempt to state a due process claim against a third defendant (i.e., Dunstan). Docket No. 6. Six months later, plaintiff finally filed an amendment to the complaint addressing the deficiencies identified in the order of dismissal with leave to amend. Docket No. 13. The court now reviews the adequacy of the pleading.

The allegations of the complaint (Docket No. 1), as amended by the amendment to the complaint (Docket No. 13), fail to state a due process claim. As the court earlier explained, an inmate has a federally-protected right to due process if he is deprived of a liberty interest of real substance. *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect

the duration of [a] sentence." *Id.* at 484, 487. The court required plaintiff to amend to identify the discipline imposed so that the court could determine whether plaintiff had any federal right to due process. Plaintiff alleges in his amendment that the discipline imposed on plaintiff was the loss of various privileges (i.e., canteen, phone, yard, quarterly packages, and visiting) for a single 30-day period. Docket No. 13 at 3. This short-term loss of privileges did not subject plaintiff to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" as is necessary for there to be a constitutionally protected liberty interest. *Sandin*, 515 U.S. at 484; *see, e.g., id.* at 485-86 (inmate's thirty-day placement in disciplinary segregation, where conditions mirrored conditions imposed upon inmates in administrative segregation and protective custody, did not result in type of atypical, significant deprivation for which state might create liberty interest; nor did situation present case where state's action would inevitably affect duration of sentence); *Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (classification of inmate for California Level IV prison rather than Level III prison not shown to be an atypical and significant hardship); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (under *Sandin,* no protected liberty interest implicated when inmate placed in disciplinary segregation for 14 days). There is no cognizable federal due process claim because plaintiff was not deprived of a constitutionally protected liberty interest. Moreover, assuming arguendo that a biased hearing officer would violate due process, plaintiff has not alleged facts that give life to his conclusory allegation of bias by Dunstan – although the court had instructed plaintiff that he needed to allege facts suggestive of bias. *See* Docket No. 6 at 4. As the court earlier stated, merely ruling against the inmate does not plausibly suggest bias. *Id.* A due process claim is not stated against Dunstan.

Plaintiff alleges in his amendment that Dunstan's disciplinary decision was retaliatory. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff alleges the following sequence of events: first, Merenda assaulted plaintiff and wrote a

rule violation report; next, plaintiff declared that he would file a grievance against Merenda; and thereafter Dunstan found plaintiff guilty at the disciplinary hearing. Docket No. 13 at 1. The fact that one correctional official took an adverse action against an inmate after the inmate told another official that he would file a grievance is not enough to state a claim for retaliation, as it suggests nothing more than adverse action after First Amendment activity. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). Moreover, the facts alleged do not plausibly suggest retaliation because the threatened grievance was not about Dunston and Dunstan is not alleged to even have been aware of plaintiff's threat to file a grievance. The complaint, as amended, fails to state a claim for retaliation.

For these reasons, as well as those stated in the order of dismissal with leave to amend, the court concludes that plaintiff has failed to state a claim against defendant Dunstan. He will be dismissed.

B. Scheduling

1. The court has determined that the complaint states an Eighth Amendment claim against sergeant J. Merenda, and that the complaint and amendment do not state a claim against any other defendant. Other than the Eighth Amendment claim against Merenda, all claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the amended complaint upon the following defendant who apparently works at the Correctional Training Facility in Soledad, California: sergeant J. Merenda.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **September 28, 2018**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the

motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

      b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **October 26, 2018**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.    If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **November 9, 2018**.

4.    Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

4

counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: July 27, 2018

_____
SUSAN ILLSTON
United States District Judge