# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LANCE REYNOLDS,<br>　　　　Plaintiff,<br>　　v.<br>J. MERENDA,<br>　　　　Defendant. | Case No. 17-cv-04202-SI<br><br>**ORDER FOR PLAINTIFF TO PROVIDE ADDRESS FOR SERVICE OF PROCESS ON DEFENDANT** |

In this *pro* se prisoner's civil rights action, service of process was ordered on sergeant J. Merenda, who allegedly had used excessive force on plaintiff on April 5, 2016 at the Correctional Training Facility in Soledad. All other defendants and claims were dismissed. *See* Docket No. 14.

On August 21, 2018, the Marshal returned the summons unexecuted and with a note stating that, "per institution, Merenda is retired." Docket No. 18.

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Where a prisoner is proceeding *in forma pauperis* and must rely on the Marshal for service of process, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause' for not effectuating timely service.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see e.g., id.* (district court did not err in dismissing defendant where plaintiff "did not prove that he provided the marshal

with sufficient information to serve" this particular defendant or that he requested service).

Although it is the Marshal's duty to serve process when a prisoner-plaintiff is proceeding as a pauper, the Marshal's ability to do so depends on a plaintiff providing sufficient information about a defendant for the Marshal to find the defendant to serve him or her. Here, the Marshal has been unable to serve process on J. Merenda at the Correctional Training Facility in Soledad, the only address for J. Merenda mentioned in the complaint.

Accordingly, no later than **October 19, 2018**, plaintiff must provide a current address at which J. Merenda may be served with process. There are many ways plaintiff might attempt to learn this information. For example, he could write to the personnel offices of the CDCR and the Correctional Training Facility to learn how to obtain the current address of a retired employee, or he could issue subpoenas to the CDCR and the prison for records containing Merenda's current address. It is plaintiff's obligation, not the court's, to gather this information. In the alternative to providing an address for J. Merenda, plaintiff must show cause by that same deadline why he has not provided the information needed to locate J. Merenda and serve process on him. If plaintiff fails to provide sufficient information to enable service of process to be accomplished on J. Merenda, the action will be dismissed without prejudice unless plaintiff shows cause for his failure to provide the information.

Due to the need to resolve the unserved defendant problem, the court now VACATES the briefing schedule for defendant to file a motion for summary judgment or other dispositive motion. Once the service of process problem is resolved, the court will set a new briefing schedule.

**IT IS SO ORDERED**.

Dated: August 23, 2018

_____
SUSAN ILLSTON
United States District Judge