UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LANCE REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>J. MERENDA,<br><br>Defendant. | Case No. 17-cv-04202-SI<br><br>**ORDER FOR CASE MANAGEMENT STATEMENTS** |

This is a *pro se* prisoner's civil rights action in which plaintiff alleges that defendant twice used excessive force on him on April 5, 2016 at the Correctional Training Facility in Soledad. Summary judgment was granted on the claim that defendant used excessive force in connection with handcuffing plaintiff, leaving for adjudication only a claim that defendant later used excessive force on plaintiff in an office at the prison. *See* Docket No. 29. A settlement conference was held earlier this year, but the parties apparently were unable to reach a settlement. *See* Docket No. 34.[1]

This action has been pending for more than two years, and it is now time to move toward trial. The parties may be ready for trial right now, but the court wants some information from them so that the court can, among other things, set a discovery cut-off and a trial date. Accordingly, the parties must file and serve case management statements no later than **April 10, 2020,** in which they provide the following information:

---

[1] According to Magistrate Judge Illman's report on the settlement conference, "[t]he parties are unable to reach an agreement at this time. There is an offer of settlement that will remain open for 30 days from the date of the settlement conference." Docket No. 34 at 2. Neither party has reported that the settlement offer has been accepted. If, in fact, the parties have reached a settlement, they should promptly notify the court.

(1) <u>Discovery</u>. Describe specifically the discovery that remains to be done. State who/what you plan to subpoena and who you plan to depose. State whether you plan to request a production of documents, propound interrogatories, and/or make a request for admissions. Propose a discovery schedule (that includes the approximate date on which each discovery request will be made) and a discovery cut-off date.

(2) <u>Further motions</u>. State whether you intend to file any further motions and specifically identify those motions.

(3) <u>Trial planning.</u> State the date on which you will be ready for trial, and list the dates of any pre-arranged vacations or other dates of unavailability in the next twelve months. Provide an estimate of the number of days needed for trial. List the names of all of your intended witnesses for trial.[2] For each such witness, state briefly the testimony expected from that witness. List the types of experts that you intend to call as witnesses.

(4) <u>Plaintiff's custodial status</u>. Plaintiff should state the length of his prison sentence and the date on which he expects to be released from custody, if he knows that date.

The case management statements do not need to be jointly prepared.

**IT IS SO ORDERED**.

Dated: March 11, 2020

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiff is informed that he needs to make arrangements to pay witness fees and expert witness fees. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The *in forma* pauperis statute does not authorize the district court to waive witness fees or expenses paid to the witnesses, *see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992); *Tedder*, 890 F.2d at 211-12. Therefore, even though plaintiff is proceeding *in forma pauperis,* he must make arrangements to pay witness fees and travel expenses for any witnesses he intends to call at trial.

2